# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Orville C. Massey, Jr.,**
**Petitioner Below, Petitioner**

**FILED**

**August 25, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)    No. 16-0784** (Fayette County 16-C-200-H)

**Patrick A. Mirandy, Warden,**
**St. Marys Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Orville C. Massey, Jr., pro se, appeals the August 5, 2016, order of the Circuit Court of Fayette County denying a petition for a writ of habeas corpus in which petitioner requested an immediate discharge from custody due to alleged cruel and unusual punishment. Respondent Patrick A. Mirandy, Warden, St. Marys Correctional Center,[1] by counsel John H. Boothroyd, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is an elderly inmate in the custody of the West Virginia Division of Corrections ("DOC").[2] On July 11, 2016, petitioner filed a petition for a writ of habeas corpus in which he requested an immediate discharge from the DOC's custody due to alleged cruel and unusual punishment. As grounds for his request, petitioner alleged that he had either nerve damage or a degenerative hip joint and that the DOC's medical contractor's deliberate indifference to his serious medical need constituted cruel and unusual punishment. As an alternative to immediate release, petitioner requested a referral to an outside specialist. Petitioner attached a May 2, 2016,

---

[1]Pursuant to Rule 41(c) of the Rules of Appellate Procedure, we have substituted the respondent party's name with Warden Patrick A. Mirandy because petitioner is currently incarcerated at St. Marys Correctional Center.

[2]Petitioner states that he is in his seventies, and respondent gives petitioner's age as seventy-three years old.

1

grievance to his petition, which was subsequently denied by the DOC, in which he claimed that there was "a [n]erve problem" and requested a MRI as well as "a [wheelchair] to take me to the chow hall."

By order entered on August 5, 2016, the circuit court denied petitioner's petition. The circuit court determined that there was no deliberate indifference to petitioner's serious medical need based on a full review of "the complete contents of the court file." The circuit court found that petitioner acknowledged the following: (1) that a doctor told him that his hip joint was normal following a x-ray of his leg; (2) that medical staff proscribed Mobic, a drug used to treat arthritis; (3) that medical staff gave him a cane to aid him in walking; and (4) that medical staff offered petitioner a walker that he declined to use. Accordingly, the circuit court concluded that petitioner was receiving treatment for his complaints and that his mere disagreement with the prescribed course of treatment did not justify the requested relief. Subsequent to the August 19, 2016, filing of petitioner's appeal from the circuit court's denial of his petition, the DOC transferred petitioner from Mount Olive Correctional Complex to St. Marys Correctional Center, a facility designated to house inmates who are "[r]eviewed/[a]pproved for [medical] placement" and "[g]eriatric inmates determined to be appropriate for dormitory living." DOC Policy Directive 401.01 §§ V(C)(4)(b) and (c).

Petitioner now appeals from the circuit court's August 5, 2016, order denying his habeas petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

An inmate within the DOC's custody may file a habeas petition to "challenge[ ] . . . the constitutionality of prison . . . conditions[.]" *State ex rel. Anstey v. Davis*, 203 W.Va. 538, 544, 509 S.E.2d 579, 585 (1998). In syllabus points 4 and 5 of *Nobles v. Duncil*, 202 W.Va. 523, 505 S.E.2d 442 (1998), we held as follows:

> 4. Deliberate indifference to the serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain which is proscribed by the prohibition on cruel and unusual punishment in the Federal and State Constitutions.

> 5. To establish that a health care provider's actions constitute deliberate indifference to a prison inmate's serious medical need, the treatment, or lack thereof, must be so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness.

On appeal, petitioner alleges that his request for a MRI was denied because of the cost. We find that the record belies petitioner's allegation. According to the response section of the May 2,

2016, grievance form, an MRI was not ordered because the physician who examined petitioner on that same day concluded that "[an] MRI was not indicated," which was explained to petitioner during the examination. As found by the circuit court, petitioner previously had a x-ray of his left leg that showed that his hip joint was normal. Because an MRI was not indicated, the denial of petitioner's request for one did not constitute deliberate indifference under syllabus point 5 of *Nobles*. *See United States v. DeCologero*, 821 F.2d 39, 42 (1st Cir. 1987) (stating that, "though it is plain that an inmate deserves *adequate* medical care, he cannot insist that his institutional host provide him with the most sophisticated care that money can buy").

Respondent argues that the DOC has provided petitioner with adequate medical care. We agree. While petitioner claimed in the May 2, 2016, grievance that he had a nerve problem, that complaint was likewise answered by the registered nurse who responded to his grievance. The nurse stated that she reviewed petitioner's medical records and that he "[did] not have signs of nerve problems" in his left leg. The nurse also denied petitioner's request that he be permitted to use a wheelchair. However, petitioner acknowledged in his grievance that the medical staff at Mount Olive gave him a cane to aid him in walking, offered him a walker, which he declined to use. On appeal, petitioner further concedes that since his transfer to St. Marys, he has been allowed the use of a wheelchair.[3] Therefore, we find that there has been no deliberate indifference to petitioner's serious medical need. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition in which he requested an immediate discharge from custody or, in the alternative, a referral to an outside medical specialist.

For the foregoing reasons, we affirm the circuit court's August 5, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** August 25, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[3]Petitioner argues that his transfer to St. Marys was retaliation by the DOC for the filing of his habeas petition. *But see* DOC Policy Directive 401.01 §§ V(C)(4)(b) and (c) (designating St. Marys for elderly and/or infirm inmates). Respondent counters that we should not address this claim because it was not presented to the circuit court. We agree with respondent and decline to address petitioner's allegation of retaliation. *See* Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958) (holding that "[t]his Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance").

3